■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONALD STERN, by STEVE SANDLER, Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants. In the Matter of RONALD STERN, Respondent-Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Appellant-Respondent. —Appeals from (1) so much of an order of the Supreme Court, Dutchess County, dated May 17, 1976, as directed the Board of Parole and the Warden of the Green Haven Correctional Facility to provide petitioner's counsel with access to petitioner's parole file prior to a final revocation hearing, with certain limitations, and (2) a judgment of the same court, dated December 7, 1976, which determined that the petitioner's due process rights had been violated by the failure to afford him access to his parole file, declared the declaration of delinquency, set at November 15, 1975, to be null and void, restored petitioner's maximum expiration date to November 26,

1976, ordered petitioner's discharge from the supervision of the New York State Department of Correctional Services and Board of Parole and denied petitioner's application for a contempt citation and damages. Order affirmed insofar as appealed from and judgment affirmed, without costs or disbursements. In our view petitioner should have been afforded access to those portions of his parole file requested, prior to his final revocation hearing. The Board of Parole and Department of Correctional Services have not demonstrated any "overriding reason to maintain their confidentiality" (see *State ex rel. Pizarro v New York State Bd. of Parole,* 55 AD2d 631, 632). The court did not abuse its discretion in denying the petitioner's motion for a contempt citation and damages. Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.